UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN HEATH,<br><br>    Plaintiff<br><br>v.<br><br>MEGAN BRENNEN,<br>Postmaster General,<br>United States Postal Service,<br><br>    Defendant | CIVIL ACTION NO: 2:13-00386-GZS |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Now Comes Plaintiff, by and through his counsel, and files his proposed jury instructions pursuant to this Court's Pre Trial Order.

1

PROPOSED INSTRUCTION # 1

### REASONABLE ACCOMMODATION

Under the ADA and Rehabilitation Act it is unlawful for an employer to not make a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the employer can prove that the accommodation would impose an undue hardship on the operation of the business. *Enrica v. Principi*, 544 F.3d. 328-339 (First Cir. 2008).

In this case it is not contested that Mr. Heath was a qualified person with a disability.   Plaintiff's claim that Defendant failed to provide a reasonable accommodation is two fold:

First:  Defendant failed to engage in the interactive process to determine a reasonable accommodation; and

Second:  A reasonable accommodation for supervisors to avoid unnecessary confrontations was recommended and Defendant by and through its supervisors failed to perform this accommodation.

PROPOSED INSTRUCTION # 2

With respect to Plaintiff's first claim regarding Defendant's failure to engage in the interactive process, in some cases, an employee's request for help in determining an accommodation may trigger a duty on the part of the employer to engage in an interactive process. Or an employer may have a policy in place that actually states when the interactive process to determine a reasonable accommodation is activated.

As part of this process, the employer is expected to engage in a meaningful dialogue with the employee to find the best means of accommodating that disability. Although the degree of interaction required varies in accordance to the circumstances of each case, the process requires open communication by both parties.

Where a breakdown in the process has been identified, the fact finder should look for signs of failure to participate in good faith or failure by one of the parties to make reasonable efforts to help the other party determine what specific accommodations are necessary. For instance, a party that obstructs or delays the interactive process is not acting in good faith.

The interactive process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome the limitations.  29 C.F.R. §1630.2(o)(3).

*Enica v. Principi*, 544 F.3d 328, 338-339 (1st Cir. 2008)

PROPOSED INSTRUCTION # 3

Though the issue of good faith is relevant in examining the interactive process, a showing of discriminatory intent is not required in cases alleging a failure to accommodate.  Instead, an employer who knows of a disability yet fails to make reasonable accommodations violates the statute, no matter what its intent, unless it can show that the proposed accommodation would create undue hardship for its business.  Furthermore, the duty to provide a reasonable accommodation is a continuing one, however and not exhausted by one effort.

*Enica v. Principi*, 544 F.3d 328, 338-339 (1st Cir. 2008)

PROPOSED INSTRUCTION # 4

## REASONABLE ACCOMMODATION[S] – DEFINED

With respect to Plaintiff's claim that Defendant failed to provide the reasonable accommodation of avoiding unnecessary confrontations;

A reasonable accommodation may include:

a) Job restructuring by changing interpersonal interaction among employees and a supervisor. 42 U.S.C. §12111, 29 C.F.R. §1630, 2(O), 1630.9;
b) Reassignment in a case where the employee has workplace stress. 42 U.S.C. §1231(9)(B); 29 C.F.R. 1630.2(O); *Gile v. United Airlines*, 213 F.3d. 365 (7th Cir. 2000);
c) Have coworkers and supervisors undergo sensitivity training. See Jan's Searchable Online Accommodation Resource On Psychiatric Impairments, at www.jan.wvu.edu/soar/psych.html.

Reasonable accommodation[s]" means any reasonable change in the work environment or in the way things are customarily done in the workplace that enables a qualified individual with a disability to perform the essential function[s] of the job.

PROPOSED INSTRUCTION #5

# FAILURE TO ACCOMMODATE – ELEMENTS

In order for Plaintiff to prevail on [his] claim that Defendant failed to reasonably accommodate his disability, Plaintiff must show:

1. That Plaintiff had a disability;
2. That Defendant knew of Plaintiff's disability;
3. Plaintiff could have performed the essential functions of the job if Defendant had provided the specific accommodation for supervisors to avoid unnecessary confrontations with Mr. Heath;
4. This specific accommodation requested was reasonable; and
5. Defendant failed to provide the specific accommodation requested or failed to provide any other accommodation.

PROPOSED INSTRUCTION #6

Damages

The fact that I instruct you on damages does not represent any view by me that you should or should not find Defendant liable.

Plaintiff seeks to recover compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

You must determine what the damages Plaintiff has suffered in the past and will suffer in the future caused by Defendant's failure to accommodate under either of Plaintiff's claims under the instructions I have already given you.  We call these compensatory damages.  You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life if you determine that plaintiff has proven by a preponderance of the evidence that he has experienced any of these consequences as a result of defendant's conduct. No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic loses is available and there is no standard I can give you for fixing any amount of compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, of the dollar value for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic loses you find that plaintiff has undergone and can probably be expected to suffer in the future as a result of defendant's conduct.  You must place a money value on this, attempting to come to a conclusion that will be fair and just.  This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.  42 U.S.C. §12117(a); 42 U.S.C. §1981 (a)(3); *Criado v. IBM, Corp.*, 145 F. 3d 437, 445 (First Cir. 1988); *Rodriguez-Torrez v. Caribbean Forms Mfr. Inc.*, 339 F. 3d 52, 63-64 (First Cir. 2005).

PROPOSED INSTRUCTION # 7

## DAMAGES / PRE-EXISTING CONDITION

When a defendant's wrongful act causes injury, he is fully liable for resulting damages, even if the injured plaintiff had pre-existing conditions that made the consequences of the wrongful act more severe than they would have been for a normal victim.

Plaintiff's recovery for damages caused by the defendant's wrongful act may not be proportionately reduced because of a pre-existing weakness or susceptibility to injury.

*Figueroa-Torres v. Toledo –Davila, 232 F.3d. 270, 275-276 (1st Cir. 2000),* citing *Maurer v. United States*, 668 F.2d. 98, 99-100 (2nd Cir., 1981).

PROPOSED INSTRUCTION #8

Also with respect to damages, under the Rehabilitation Act, the Plaintiff is entitled to pecuniary damages which includes loss of earnings, past (back), and future (front) and cost of dental work.  However, you must find the Plaintiff proved by a preponderance of evidence that Plaintiff suffered each of these damages as a result of Defendant's conduct.

See, Albermarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975); Pollard v. E.I. Dupont, De. Nemours & Co., 532 U.S. 843, 850 (2001); and Criado v. IBM Corp., 145 F. 3d. 437, 445 (1st Cir. 1998).

PROPOSED INSTRUCTION #9

You may also award plaintiff prejudgment interest in an amount that you determine is appropriate to make him whole and to compensate him for the time between when he was injured and the day of your verdict.  It is entirely up to you to determine the appropriate rate and amount of any prejudgment interest you decide to award.

*Loeffler v. Frank, 486 U.S. 549, 557-58 (1988).*

Respectfully submitted for the Plaintiff,
by his attorney,

*/s/ Michael X. Savasuk*
Michael X. Savasuk
ME Bar No. 2708
Counsel for Claimant Steven E. Heath
Troubh Heisler, PA
511 Congress Street, PO Box 9711
Portland, ME 04104
msavasuk@troubhheisler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

*/s/ Michael X. Savasuk*
Michael X. Savasuk
ME Bar No. 2708
Counsel for Steven E. Heath
Troubh Heisler, PA
511 Congress Street, PO Box 9711
Portland, ME 04104

Dated: October 20, 2015